IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT

AUG 8 - 2003

CLERK

BARTLETT ELLIOTT,

Plaintiff,

vs.                                         CIVIL NO. 03-793 JP/LFG

JOHN B. SANCHEZ, Judge,

Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING LIMITED WAIVER OF COSTS, AUTHORIZING THE FILING OF THE LAWSUIT AND DISMISSING LAWSUIT WITH PREJUDICE

### Waiver of Filing Fee

Plaintiff Bartlett Elliott ("Elliott") seeks the Court's order authorizing him to proceed with his litigation without the payment of costs or fees.[1]

The *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes a court to waive filing fees and other court costs. The intent of this statute is to guarantee that "no citizen shall be denied an opportunity to commence, prosecute or defend an action, civil or criminal, 'in any court of the United States solely' because . . . [lack of funds] makes it impossible to pay or secure the costs" of litigation. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).

---

[1] The caption of the lawsuit identifies only Elliott as the Plaintiff and Elliott is the only individual who signed the pleadings. However, paragraph 5 of the Complaint indicates that Elliott's spouse is also seeking to sue Judge Sanchez in this lawsuit. While Elliott may represent his own interests as a *pro se* litigant, he may not represent the interests of another, even his spouse. Echols v. American Fork Investors, No. 91-4162, 1992 WL 208153 (10th Cir. Aug. 17, 1992).



While Elliott owns both a house and car, he contends the mortgage on his home is being foreclosed. He reports having no cash or other assets which can be used to prosecute this litigation, and represents that his sole source of income is a small social security pension. Based on Elliott's affidavit, the Court will grant his request for *in forma pauperis* status and will authorize the filing of the Complaint without payment of a filing fee.

### *Sua Sponte* Analysis of Complaint's Allegations

By enacting the *in forma pauperis* statute, Congress removed the barriers to court process for indigents. However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992).

Due to this congressional concern, courts are specifically authorized to review *sua sponte* and to dismiss an *in forma pauperis* complaint "if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2). Pursuant to this authority, the Court now conducts a *sua sponte* analysis of Elliott's Complaint.

Elliott's Complaint is brief and consists of only five paragraphs. He contends in paragraph 4 that he and his spouse wanted to visit with Judge Sanchez because the judge dismissed Elliott's lawsuit against a realtor who "used foul, filthy language right in front of our faces . . . ." Judge Sanchez had apparently dismissed Elliot's lawsuit against the realtor.

Elliott and his wife were told by the court staff that they could speak with Judge Sanchez between 9:00 and 9:30 a.m., as his docket started at 9:30. However, the judge did not meet with Elliott and his spouse, but, instead, started his docket at 9:25. (Complaint, ¶ 3). Elliott and his

2

spouse sat in the judge's courtroom as the judge was calling other cases. (Complaint, ¶ 3). Ultimately, Mrs. Elliott stated "Bartlett, you have sat her long enough and we should leave." This statement resulted in Judge Sanchez admonishing Elliott and his spouse "one more word out of you and I'll have you thrown in jail." Elliott contends that the judge's statement was "out of order" and was an "outrageous display." (Complaint, ¶ 2). The basis of Elliott's lawsuit is set out in paragraph 5, and he brings his claim for "verbal assault (unbecoming an officer of the court)."

### Insufficient Allegations of Federal Court Jurisdiction

Federal court jurisdiction may be predicated on a plaintiff meeting a jurisdictional damage amount of $75,000 and demonstrating a complete diversity of citizenship. 28 U.S.C. § 1332. While Elliott seeks damages in excess of $500,000, satisfying the first of two elements required for diversity jurisdiction under 28 U.S.C. § 1332, he fails to satisfy the second. Elliott's application for *in forma pauperis* status indicates that he is a resident of Belen, New Mexico, and clearly the proposed Defendant Judge John B. Sanchez is also a resident of the State of New Mexico. Therefore, there is no diversity of citizenship as both Elliott and Defendant are citizens of New Mexico. Thus, on the face of the pleadings before the Court, jurisdiction cannot be invoked pursuant to § 1332 as there is not complete diversity of citizenship.

A second jurisdictional statute, 28 U.S.C. § 1343(a)(3), establishes federal court jurisdiction to "redress the deprivation under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States . . . ." It is possible that Elliott seeks to rely on this statute to establish federal jurisdiction, because in paragraph 4 of his Complaint he refers to a prior lawsuit having been

3

dismissed by Judge John Sanchez without due process. It is unclear if reference to the prior dismissal is simply to explain why Elliott and his spouse were in Judge Sanchez's courtroom on the date in question, or whether the prior dismissal of the complaint forms the basis of this present lawsuit.

A Section 1983 claim authorizes a court to grant relief when a party's federally protected rights have been violated by a state or local official or other person acting under color of state law. Thus, a person who asserts a claim for relief under Section 1983 must satisfy two elements: (1) "the plaintiff must allege that some person has deprived him of a federal right," and (2) "he must allege that the person who deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923 (1983); West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988).

Affording Elliot's *pro se* complaint a liberal construction as required under Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992), the Court could conclude that Elliott claims the deprivation of a federally protected right, that is, dismissal of his lawsuit by a judicial officer acting under color of a law. The problem with that interpretation is that even accepting the allegations as true, they are insufficient to overcome Judge Sanchez's absolute judicial immunity. A judge enjoys absolute immunity from damages arising out of acts taken in his/her judicial capacity. Stump v. Sparkman, 435 U.S. 349, 359, 98 S. Ct. 1099, 1100 (1978). A Judge is protected by absolute immunity for judicial acts except when the judge acts in clear absence of all jurisdiction. Stump v. Sparkman at 356-57 n. 7; Whitesel v. Sengenberger, 222 F.3d 861, 867 (10th Cir. 2000).

Few doctrines were more solidly established at common law than the immunity of judges from liability for acts committed within their judicial discretion. Cleavinger v. Saxner, 474 U.S.

4

193, 199; 106 S. Ct. 496, 499-500 (1985). Thus, if Elliott's complaint concerns Judge Sanchez's dismissal of Elliott's prior lawsuit against the realtor, the judge is immune from liability. Stump v. Sparkman.

The second possibility involves Judge Sanchez threatening contempt for conduct in the courtroom. Even accepting Elliott's allegations as true, it is apparent on the face of the Complaint that Judge Sanchez is absolutely immune for those acts as well. Inherent in a judge's authority is the right to maintain order and decorum in the judge's courtroom. Chambers v. Nasco, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 2132 (1991)("Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.") It is part of the judicial function, and so long as the judge exercises the judge's authority to maintain order and decorum, and the action is related to a case within the judge's jurisdiction, the judge is immune from liability. Judges acting in a judicial capacity are absolutely immune for conduct performed within their judicial domain. Snell v. Tunnell, 920 F.2d 673, 686 (10th Cir. 1990); Wiggins v. New Mexico State Supreme Court Clerk, 664 F.2d 812, 815 (10th Cir. 1981).

### Dismissal With Prejudice

When a court conducts a *sua sponte* review and concludes that the complaint fails to state a claim for actionable relief, a dismissal is generally without prejudice to allow the pleader to re-plead. In this case, however, it is a futile act to attempt to re-plead a complaint to state a cause of action against a judge for rulings made in his court or for seeking to preserve decorum in his courtroom. These acts come within a court's discretionary authority and fall within a court's jurisdiction. Accordingly, the Court will dismiss Elliott's claims with prejudice.

IT IS THEREFORE ORDERED that Elliott's motion to proceed *in forma pauperis* is granted;

IT IS FURTHER ORDERED that Elliott's Complaint against Judge Sanchez and this action are dismissed with prejudice.

UNITED STATES DISTRICT JUDGE